UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| **Juan Leal Trejo** | X |
| *Plaintiff*, | X |
| | X |
| v. | X   Case No. |
| | X |
| **Chad Wolf**, Acting Secretary, | X |
| Department of Homeland Security; | X |
| **Kenneth T. Cuccinelli**, Acting Director, | X |
| Citizenship and Immigration Services, | X |
| *Defendants*. | X |

**COMPLAINT FOR JUDICIAL REVIEW OF PENDING APPLICATION FOR NATURALIZATION AND/OR ISSUANCE OF WRIT OF MANDAMUS**

To the Honorable Judge of Said Court:

### I.  INTRODUCTION

This action is brought by Plaintiff to request that this Court take jurisdiction over a pending Form N-400, Application for Naturalization ("Form N-400"), filed by Plaintiff and/or compel Defendants to adjudicate the Form N-400.  Plaintiff's Form N-400 was filed with United States Citizenship and Immigration Services ("USCIS") on or about July 21, 2017.  As of the submission of this complaint, Defendants have not yet adjudicated Plaintiff's application.

## II. PARTIES

1. That the Plaintiff, **Juan Leal Trejo (A 012-858-300)**, is a native and citizen of Mexico. Plaintiff is a lawful permanent resident of the United States.

2. That the Defendant, **Chad Wolf**, is the Acting Secretary of the Department of Homeland Security.  He is responsible for the administration and enforcement of the Immigration and Nationality Act in accordance with 8 U.S.C. §1101 *et seq*.  Defendant Wolf is being sued in his official capacity.

3. That the Defendant, **Kenneth T. Cuccinelli**, is the Director of USCIS, an agency of the United States government involved in the acts challenged in this action.  Defendant Cuccinelli is being sued in his official capacity.

## III. JURISDICTION

4. This is a civil action brought pursuant to 8 U.S.C. §1447(b), 8 U.S.C. §§1443-1448, 28 U.S.C. §§1331 and 1361 to redress deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred to compel Defendants to perform duties owed to Plaintiff.

5. That jurisdiction is also conferred by 5 U.S.C. §704.  Plaintiff is aggrieved by the agency's decision to withhold administrative action in this case, as the Administrative Procedure Act requires in order to confer jurisdiction on the District Courts, 5 U.S.C. §§702 *et seq.*

6. That the aid of the Court is invoked under 28 U.S.C. §§2201 and 2202, authorizing a declaratory judgment.

7. That costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act.  5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq*.

## IV. VENUE

8. That pursuant to 28 U.S.C. §1391(e), venue is proper in the Ocala Division of the Middle District of Florida because Plaintiff resides in Lake County, Florida, within the territorial limits of the Ocala Division.

## V. REMEDY SOUGHT

9. That Plaintiff respectfully requests that the Court remove jurisdiction over the Form N-400 that Plaintiff filed with Defendants and make appropriate factual and legal determinations as provided at 8 C.F.R. §310.5. Alternatively, Plaintiff asks this Court to compel Defendants to adjudicate his Form N-400.

## VI. CAUSE OF ACTION

10. That Plaintiff filed a Form N-400 that was received by Defendants on or about July 21, 2017. This filing was issued receipt number NBC*007999668.

11. That on May 3, 2018, Plaintiff appeared for a naturalization interview before an Immigration Services Officer at the USCIS Orlando Field Office.

12. That during the aforementioned interview, Plaintiff passed the requisite examinations relating to his knowledge of United States history/government.[1]

13. That at the conclusion of the aforementioned interview, Plaintiff was informed that a decision could not be made on his case because additional information was required before the Form N-400 could be adjudicated.

14. That as of the filing of the instant complaint, Plaintiff is without knowledge as to whether USCIS has taken any action to adjudicate his Form N-400.

---

[1] Plaintiff notes that he is exempt from the English language requirement.

15. That in accordance with 8 U.S.C. §1447(b), more than 120 days have elapsed since Plaintiff appeared before USCIS for his naturalization interview.

16. That Defendants have conducted and completed an interview on the pending application and have not made a request for any additional documentation.

17. That USCIS is currently reporting on its website (www.uscis.gov) that it is adjudicating Forms N-400 at its USCIS Orlando Field Office in 8.5 to 21 months. As explained by USCIS, the agency reports that it takes 8.5 months to process 50% of cases like Plaintiff's and 21 months to process 93% of cases like Plaintiff's.

18. That Plaintiff is without knowledge as to how the agency's processing reports are calculated or how reliable these reports are in providing an accurate assessment of current processing times.

19. That Plaintiff contends that there is no reason why his N-400 cannot be adjudicated. USCIS had ample time in which to adjudicate the N-400 on its merits. Moreover, Congress has delineated that 120 days following examination on Plaintiff's Form N-400 is a "reasonable" period during which Plaintiff can expect a decision to be made on his application.

20. That Plaintiff contends that the delay in adjudicating his N-400 has become "unreasonable."

21. That Plaintiff has a right to receive a timely decision on his Form N-400.

22. That Defendants have a "clear duty to act" as it pertains to adjudicating any application for immigration benefits, including Plaintiff's Form N-400.

23. That as Defendants are not disposed to make a determination on the pending Form N-400, Plaintiff invokes the aid of 8 C.F.R. §310.5 to remove the decision-making

responsibilities from Defendants and to place this authority in the hands of this Court. Defendants' lack of action has prevented a fair assessment of Plaintiff's Form N-400.

24. That Plaintiff asserts that Defendants have no legal basis to withhold the adjudication of his pending Form N-400.

25. That Plaintiff seeks removal of jurisdiction over the pending Form N-400, for this Court to take jurisdiction over this matter and for this Court to conduct any further proceedings deemed necessary by the Court and consistent with 8 C.F.R. §335.3 and 8 C.F.R. §310.5

26. That if this Court were not inclined to take jurisdiction over this matter, mandamus is appropriate because there is no other remedy at law.  Plaintiff seeks to compel a decision to be made, in terms of both mandamus and in terms of the Administrative Procedure Act for administrative action wrongfully withheld.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court:

1. Accept jurisdiction and maintain continuing jurisdiction of this action;

2. Conduct such hearings and examinations of Plaintiff as is necessary to determine that the relief requested by Plaintiff is warranted as a matter of law;

3. Declare the Defendants actions, or their failure to act in this matter, arbitrary and capricious, an abuse of discretion and not in accordance with law pursuant to 5 U.S.C. § 706(1);

4. Remove jurisdiction of Plaintiff's N-400 from Defendants and conduct such hearings and examinations as required to permit this tribunal to make a determination on

Plaintiff's Application for Naturalization as provided at 8 U.S.C. §1447(b), 8 C.F.R. §310.5 and 8 C.F.R. §335.3;

5. Issue a preliminary and permanent injunction pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706(1) compelling Defendants to adjudicate Plaintiff's Form N-400;

6. Issue a writ in the nature of mandamus, pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706(1), compelling Defendants to adjudicate Plaintiff's Form N-400;

7. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. §2412;

8. Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

   /s/   David Stoller   /s/
David Stoller, Esquire
Attorney for Plaintiff
Florida Bar #92797
4445 South Conway Road
Orlando, Florida 32812
Phone : (407) 999-0088
Fax : (407) 382-9916

# Table of Contents
# Documents in Support of Complaint

## Juan Leal Trejo v.
## Chad Wolf, Acting Secretary, Department of Homeland Security, *et al*.

Exhibit 1:	Form I-797C, Notice of Action: Filing Receipt for Form N-400;

Exhibit 2:	Notice of Interview (May 3, 2018);

Exhibit 3:	Naturalization Interview Results (May 3, 2018);

Exhibit 4:	USCIS Web Portal information relating to Form N-400 (NBC*007999668);

Exhibit 5:	USCIS Case Processing Times Reports;

Exhibit 6:	USCIS Information Sheet (March 2018) discussing how to read agency Processing Reports.